**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1627-WJM-STV

PETER J. WIRS, Hon.,

    Plaintiff,

v.

UNITED WORLD WRESTLING

    Defendant.

---

### ORDER ON PENDING RECOMMENDATIONS AND "EMERGENCY MOTION"

---

Plaintiff Peter J. Wirs ("Wirs"), proceeding *pro se*, sues Defendant United World Wrestling ("UWW") for, among other things, violation of U.S. antitrust laws. UWW is a Swiss organization that serves as the worldwide governing body for amateur wrestling (freestyle and Greco-Roman).

This matter is before the Court on four Recommendations made by United States Magistrate Judge Scott T. Varholak. (ECF Nos. 17, 20, 29, 34.) These Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). All of them deny the relief Wirs requests in the underlying motions. Wirs filed timely objections to the latter three Recommendations. (*See* ECF Nos. 22, 32, 35.)

Also before the Court is Wirs's Emergency Motion for Reconsideration of Motion to Set Down Settlement Conference Denied By By [*sic*] Operation of Law (ECF No. 21), which the Court never referred to Judge Varholak.

For the reasons explained below, the motions referred to Judge Varholak are denied on their merits in part, and otherwise denied as moot. The portions of Judge Varholak's Recommendations regarding Wirs's moot requests for relief are vacated, but the Recommendations are otherwise adopted. As to the motion the Court did not refer, it is denied.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Wirs is proceeding *pro se*, the Court must liberally construe his

2

pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Wirs, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Wirs filed this action on July 5, 2017. (ECF No. 1.) His chief complaint is that UWW eliminated from its "Veterans World Championships" event all competitions for wrestlers that are age 60 or older. (*Id.* ¶ 1.) Wirs asserted that this choice violated, among other things, section 2 of the Clayton Act (15 U.S.C. § 13). (*Id.* ¶¶ 37–44.) As noted previously, UWW is a Swiss organization. Whether Wirs has properly served UWW with process remains unresolved.

## III. ANALYSIS

### A. August 10, 2017 Recommendation

On August 7, 2017, Wirs filed an "Omnibus Motion for Temporary Restraining Order, Preliminary Injunction, Consolidation of Hearing with Trial on Merits, and for Summay [*sic*] Judgment on Antitrust Liability" ("August 7 Motion"). (ECF No. 10.) Wirs asserted that he had some sort of "August 10, 2017 registration deadline." (*Id.* ¶ 5.) He requested "a TRO to enlarge the registration deadline by fourteen days . . . to allow the time for a hearing on the merits." (*Id.* ¶ 6.)

Wirs also described "pretrial settlement discussions via email and telephone conference calls" with "Mr. Nenad Lalovic, of Belgrade, Serbia," UWW's president. (*Id.* ¶¶ 7, 9.) Wirs stated that he and Lalovic had discussed Wirs's "proffered 'Proposed

Consent Decree'" appointing receivers for UWW that would then cause it to take legal action to protect its "intellectual property rights [as] against a U.S. commercial vaudeville producer stigmatizing the Sport for damages currently estimated at $970 million." (*Id.* ¶¶ 9–11.)[1] Wirs noted, however, his belief that Lalovic ("despite his authority under [the] UWW Constitution . . . is unable to enter into the Proposed Consent Decree without the UWW Bureau's [*i.e.*, board of director's] approval." (*Id.* ¶¶ 10, 13.) Wirs attributed this lack of independence to UWW's "General Secretary, Michael Dusson, of Dijon, France," whom Wirs alleges to be "a 'hardliner' [who] promotes male hegemony in opposition to the progressives, such as Mr. Lalovic," and who "[e]xerts such full, complete, and exclusive control over [UWW] as to render all other Bureau Members a 'disinterested majority' powerless to correct Dusson's *ult[r]a vires* acts, such as banning [Wirs] in 2016 from competition." (*Id.* ¶ 14.)

The Court referred this motion to Judge Varholak. (ECF No. 14.) On August 10, 2017, Judge Varholak issued a Recommendation ("August 10 Recommendation") denying the motion without prejudice because Wirs had failed "to identify the nature of this deadline, the harm that purportedly would befall [him] if it is not extended, and the potential prejudice to [UWW] if the deadline is extended." (*Id.* at 2–3.)

The August 10 Recommendation informed Wirs that he had fourteen days to object under Rule 72(b). (*Id.* at 6 n.6.) Wirs filed no objection within fourteen days. He instead filed another "omnibus" motion, discussed in more detail below, which included a request for a "stay" of the Recommendation. (ECF No. 18 ¶¶ 7–9.) To the extent this

---

[1] Wirs here refers to World Wrestling Entertainment, Inc. ("WWE"), to which he attributes the "decline in TV audience of the Sport during the Olympic Game[s]." (ECF No. 1 ¶ 25.)

4

was meant as a motion for extension of time, its inclusion in an "omnibus" motion violated D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.") and WJM Revised Practice Standard III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a separate, written motion."). In any event, Wirs stated no good cause for such an extension. Accordingly, he failed to timely object to the August 10 Recommendation.

Given the lack of objection, the Court reviews for plain error only, and finds none. More importantly, however, the alleged August 10, 2017 deadline has passed, making Plaintiffs' TRO request moot. Thus, although the August 10 Recommendation is entirely sound, the Court will vacate it as moot under the circumstances, and similarly deny the August 7 Motion as moot.

**B.     August 24, 2017 Recommendation**

On August 21, 2017, Wirs filed his "Second Omnibus Motion for Temporary Restraining Order, Stay of Recommendations, Leave to Amend Complaint, and Motion to Set Down Settlement Conference" ("August 21 Motion"). (ECF No. 18.) Through this motion, Wirs informed the court that the August 10, 2017 deadline was a "registration deadline for all nations which on information and belief, imposes a cap on the total number of competitors for the October 10–12, 2017 Veterans World Championships." (*Id.* ¶ 2.) Wirs again requested a TRO, this time to prevent UWW from "limiting the number of competitors based on the August 10, 2017 Preliminary Registration so [as] to allow the time for hearing on the merits and/or the Judicially Hosted Settlement Conference which [Wirs] has moved to be set down for Thursday, August 31, 2017." (*Id.* ¶ 4.) Wirs envisioned this judicially hosted settlement conference apparently as a

5

way to force UWW's Bureau to consider his proposed consent decree.  (*Id.* ¶¶ 12–18.)

The Court referred this motion to Judge Varholak.  (ECF No. 19.)  On August 24, 2017, Judge Varholak issued his Recommendation ("August 24 Recommendation").  (ECF No. 20.)  Judge Varholak recommended that to the Court deny a TRO or preliminary injunction due to a lack of likelihood of success.  (*Id.* at 4–8.)  Judge Varholak further recommended that the Court deny Wirs's request for a judicially hosted settlement conference for three reasons: (1) the case was still at an early stage; (2) UWW "has not yet entered its appearance in this case and may not yet have been served"; and (3) taking Wirs's representations as true "it appears that the parties are engaging in meaningful settlement discussions, and there is no indication that Court intervention is necessary."  (*Id.* at 10.)

Wirs filed a timely objection to this Recommendation.  (ECF No. 22.)  As to the request for a TRO or preliminary injunction, the Court need not address the merits of this objection.  Again, Wirs's request for a TRO or preliminary injunction is moot.  The event with which he was most interested took place on October 10–12, 2017, and so no TRO or preliminary injunction could allow him to attend that event now.  That portion of Wirs's August 21 Motion must therefore be denied as moot, and the corresponding portion of the August 24 Recommendation will be vacated as moot.

The Court will address the matter of a judicially hosted settlement conference in the following subsection.

**C.     Settlement Conference Motion**

Also on August 24, 2017, Wirs filed an "Emergency Motion for Reconsideration of Motion to Set Down Settlement Conference Denied By By [*sic*] Operation of Law"

6

("Settlement Conference Motion"). (ECF No. 21.) There, Wirs asserted that a settlement conference would give Lalovic "the means to successfully 'herd cats,'" apparently referring to UWW's Bureau. (*Id.* ¶ 6.) "[T]he Judicially Hosted Settlement Conference enables President Lalovic to successfully overcome individual heuristics, while simultaneously affording each Bureau Member his 'day in court' thereby furthering fairness and openness." (*Id.* ¶ 8.) Wirs warned of "significant burdens and hardships" if no settlement conference took place before September 10, 2017. (*Id.* ¶ 9.)

The Court did not refer this motion, instead viewing it, at least in part, as an objection to that portion of the August 24 Recommendation regarding a settlement conference. In part, Wirs's request is now moot since his self-imposed September 10, 2017 deadline has passed. But the Court presumes that UWW will host future competitions in which Wirs hopes to participate. Thus, the Court finds that the Settlement Conference Motion is not entirely moot and will address it on its merits.

D.C.COLO.LCivR 16.6(a) permits the Court to "direct the parties to engage in an early neutral evaluation or other alternative dispute resolution proceeding." The Court finds that this would not be an appropriate course of action at this time. As noted above, it is not clear that UWW has been properly served. Even if it has been or will in the near future be properly served, it is unclear whether it will ever appear—and if it does appear, the Court expects it to challenge personal jurisdiction. Even if all of those hurdles could be overcome, the Court doubts that personal jurisdiction over UWW would give the Court personal jurisdiction over every Bureau member such that it could order each one to attend a settlement conference. In sum, there is no point to ordering a settlement conference when only one interested party will appear. The Settlement

7

Conference Motion is denied.

**D.     September 7, 2017 Recommendation**

On September 1, 2017, Wirs filed his Third Omnibus Motion ("September 1 Motion"). (ECF No. 24.) This motion requested a TRO "to postpone [UWW's] Final Registration of National Team Roosters [*sic*]." (*Id.* at 7.)

The Court referred this motion to Judge Varholak. (ECF No. 28.) On September 7, 2017, Judge Varholak issued his Recommendation ("September 7 Recommendation"). (ECF No. 29.) As relevant here, he recommended denying the request for a TRO for lack of likelihood of success and lack of showing of irreparable harm. (*Id.* at 6–15.) Wirs timely filed an objection. (ECF No. 32.)

Irrespective of the merits of Wirs's September 1 Motion or Judge Varholak's September 7 Recommendation, the September 1 Motion is—like the previous "omnibus" motions—moot because the competition in question already took place. The September 1 Motion must therefore be denied as moot, and the September 7 Recommendation will be vacated as moot.[2]

**E.     September 14, 2017 Recommendation**

On September 13, 2017, Wirs filed a Motion to Dismiss Complaint Upon Approval of Settlement ("September 13 Motion"). (ECF No. 31.) In that motion, Wirs claimed that he and Lalovic had continued their settlement discussions, "assisted in large part by Bureau Member and former First Vice President, USA's Stanley J. Dziedzic, Jr." (*Id.* ¶ 2.) "However, President Lalovic submits he is constrained by

---

[2] To the extent Wirs's objection continues to assert error in the denial of a judicially hosted settlement conference, that objection is overruled for the same reasons stated in Part III.C, above.

8

[UWW's] Articles of Association (the UWW Constitution) which appears not to grant him settlement authority without obtaining approval by the [UWW] Bureau." (*Id.* ¶ 3.) Wirs reiterated his "herding cats" rationale behind his belief that a judicially hosted settlement conference was necessary. (*Id.* ¶ 10.) Finally, he asked the Court to "[i]ssue an Order requiring [UWW's] Bureau Members to cast their ballot to approve or disapprove the Proposed Settlement Agreement as put to them in resolution by [Lalovic]" no later than September 20, 2017. (*Id.* at 4.) Wirs apparently believes the Court has such authority based on its power to supervise class action settlements. (*See id.* ¶¶ 12–13.) *See also* Fed. R. Civ. P. 23(e).

The Court referred this motion to Judge Varholak. (ECF No. 33.) On September 14, 2017, Judge Varholak issued his Recommendation ("September 14 Recommendation"). (ECF No. 34.) Judge Varholak recognized that, "[a]lthough styled as a motion to dismiss, the Motion seeks to have the Court intervene in the parties' purported settlement negotiations." (*Id.* at 1.) Judge Varholak therefore treated the September 13 Motion as yet another motion for a judicially hosted settlement conference, and recommended that it be denied for the same reasons he had previously denied such requests. (*Id.* at 1–2.)

Wirs timely filed an objection. (ECF No. 35.) The Court resolves this objection in essentially the same way it has resolved the above objections. To the extent Wirs sought a settlement conference ahead of the October 2017 competition, that portion of the September 13 Motion must be denied as moot, and Judge Varholak's September 14 Recommendation will be vacated as moot. To the extent a request for a judicially hosted settlement conference is not moot, the Court overrules Wirs's objection for the

9

reasons stated in Part III.C, above.

**F.      Other Purported Motions**

Wirs's various omnibus motions contain additional requests, such as for summary judgment. Those requests are premature and are denied without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Wirs's Omnibus Motion for Temporary Restraining Order, Preliminary Injunction, Consolidation of Hearing with Trial on Merits, and for Summay [*sic*] Judgment on Antitrust Liability (ECF No. 10) is DENIED AS MOOT;

2. Judge Varholak's August 10 Recommendation (ECF No. 17) is VACATED AS MOOT;

3. Wirs's Second Omnibus Motion for Temporary Restraining Order, Stay of Recommendations, Leave to Amend Complaint, and Motion to Set Down Settlement Conference (ECF No. 18) is DENIED to the extent he continues to request a judicially hosted settlement conference, and otherwise DENIED AS MOOT;

4. Judge Varholak's August 24 Recommendation (ECF No. 20) is ADOPTED as to his recommendation that the Court deny Wirs's request for a judicially hosted settlement conference, and is otherwise VACATED AS MOOT;

5. Wirs's Emergency Motion for Reconsideration of Motion to Set Down Settlement Conference Denied By By [*sic*] Operation of Law (ECF No. 21) is DENIED;

6. Wirs's Third Omnibus Motion (ECF No. 24) is DENIED AS MOOT;

7. Judge Varholak's September 7 Recommendation (ECF No. 29) is VACATED AS

MOOT;

8. Wirs's Motion to Dismiss Complaint Upon Approval of Settlement (ECF No. 31) is DENIED to the extent he continues to request a judicially hosted settlement conference, and otherwise DENIED AS MOOT;

9. Judge Varholak's September 14 Recommendation (ECF No. 34) is ADOPTED as to his recommendation that the Court deny Wirs's request for a judicially hosted settlement conference, and is otherwise VACATED AS MOOT; and

10. Any other request for relief contained the in the motions addressed in this Order is DENIED WITHOUT PREJUDICE as premature.

Dated this 2nd day of February, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge