IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1627-WJM-STV

PETER J. WIRS, Hon.,

　　　Plaintiff,

v.

UNITED WORLD WRESTLING

　　　Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S MARCH 27, 2018 RECOMMENDATION AND DENYING SUMMARY JUDGMENT
&
ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO SERVE PROCESS**

---

Plaintiff Peter J. Wirs ("Wirs"), proceeding *pro se*, sues Defendant United World Wrestling ("UWW"), a Swiss organization that serves as the worldwide governing body for amateur wrestling (freestyle and Greco-Roman). Wirs's chief complaint is that UWW eliminated from its "Veterans World Championships" event all competitions for wrestlers that are 60 years of age or older. (ECF No. 1 ¶ 1.) Wirs asserts that this choice violated, among other things, section 2 of the Clayton Act (15 U.S.C. § 13). (*Id.* ¶¶ 37–44.)

This matter is before the Court on U.S. Magistrate Judge Scott T. Varholak's March 27, 2018 Recommendation (ECF No. 61), recommending that the Court deny Wirs's "Omnibus Motion" (ECF No. 53), which is primarily a motion for summary judgment against UWW. Wirs filed a timely objection. (ECF No. 62.) UWW has never

appeared in this action and accordingly filed no response.

For the reasons explained below, the Court will adopt Judge Varholak's recommended disposition of Wirs's summary judgment claim. The Recommendation also addresses matters raised in the Omnibus Motion apart from summary judgment, but Wirs states in his objection that all of those matters are now moot. (ECF No. 62 ¶¶ 17–19.) The Recommendation will accordingly be vacated as moot as to those matters.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. Here, Plaintiff filed a timely objection to the Recommendation, so the Court reviews the issues before it *de novo*.

## II. ANALYSIS

Judge Varholak recommends denying the Omnibus Motion because Wirs has not effectively served process on UWW, and summary judgment is not an appropriate remedy against a party that has not appeared; and, alternatively, because Wirs has not established entitlement to relief on the merits. The Court need only address the first basis for denial, *i.e.*, failure to serve effective process.

Wirs believes he may serve UWW by serving USA Wrestling in Colorado Springs because, Wirs says, USA Wrestling is UWW's agent in the United States. (ECF No. 53

¶ 5.) The Court assumes without deciding that proper service on USA Wrestling amounts to proper service on UWW. The question still remains whether Wirs effected proper service on USA Wrestling.

The Federal Rules of Civil Procedure direct a plaintiff suing a "domestic or foreign corporation, or a partnership or other unincorporated association" to serve the summons and complaint "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, states that the summons and complaint may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Wirs understands this and claims that he has properly served USA Wrestling under Colorado Rule of Civil Procedure 4(e)(4)(G), which permits service on a non-human legal entity by serving the summons and complaint "upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state." (*See* ECF No. 53 ¶ 4.)

Here, it is undisputed that Wirs delivered the summons and complaint to USA Wrestling via "Priority Mail Express" through the United States Postal Service. (ECF No. 55 at 2.) But, save for *in rem* cases, the Colorado Rules of Civil Procedure prohibit service by mail without a court order authorizing such service. Colo. R. Civ. P. 4(f). How, then, does Wirs justify service by mail? Wirs obtained a Proof of Service declaration from the mail carrier who delivered the parcel, and that declaration states that the mail carrier delivered the parcel to a particular individual at USA Wrestling. (*Id.* at 1.) Wirs then argues that the mail carrier was a person at least 18 years old and not

3

a party to this lawsuit, *see* Fed. R. Civ. P. 4(c)(2), so nothing more was required to effect service. (ECF No. 62 ¶ 5.)

Wirs's argument, although clever, is plainly wrong. At present, mail is *always* delivered by humans. If the fact that a mail carrier is an adult non-party is also enough to convert the mail carrier into a process server, then the prohibition on service by mail would be a nullity. Accordingly, Judge Varholak was correct to conclude that Wirs has not properly served process on UWW. It follows that Judge Varholak was further correct to conclude that summary judgment is inappropriate. The Court adopts the Recommendation's analysis of those matters.

Given this disposition, the Court will order Wirs to show cause under Federal Rule of Civil Procedure 4(m) why this case should not be dismissed without prejudice for failure to serve process within the allotted time. If Wirs wishes to stand on his claim that his attempted service of process was effective, he may state as much and the Court will then dismiss this lawsuit without prejudice. Under the circumstances, such a dismissal would be considered a final, appealable order, *see Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010), and Wirs may explore the issue with the Tenth Circuit, should he desire.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Judge Varholak's March 27, 2018 Recommendation (ECF No. 61) is ADOPTED IN PART and VACATED AS MOOT IN PART, as stated in this Order;
2. Wirs's Omnibus Motion (ECF No. 53) is DENIED;

4

3. Wirs is ORDERED TO SHOW CAUSE, on or before **September 12, 2018**, why this lawsuit should not be dismissed without prejudice for failure to serve the defendant within the time allotted by Federal Rule of Civil Procedure 4(m); and

4. The Clerk shall mail a copy of this order to Wirs at his address on file.

Dated this 4th day of September, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge